LYON et al. v. UNION GAS & OIL CO. et al. and eight other cases.

(District Court, E. D. Kentucky. May 26, 1921.)

Nos. 600–608.

1. **Mines and minerals ⬅︎55—Oil and gas lease is not a mere option.**

An oil and gas lease, giving the right to explore for minerals and providing forfeiture for failure to develop unless an annual rental is paid, is not a mere option, but gives a vested right to the lessee to explore for the minerals, though of course its title to the minerals is inchoate until they are reduced to possession.

2. **Mines and minerals ⬅︎79(3)—Rentals payable annually under oil lease in lieu of development need not be paid in advance.**

Under an oil lease, providing for forfeiture for failure to do development work unless a specified rental is paid annually, without specifying the time for the payment, the rental need not be paid in advance, but its payment at any time during the 12 months after the expiration of the period for development work prevents a forfeiture.

3. **Mines and minerals ⬅︎79(7)—Burden is on oil lessor to show that notice requiring development was reasonable.**

Even if a lessor had the privilege under an oil and gas lease of terminating the lease after reasonable notice of refusal of rentals and demand for development, the burden is on such lessor, suing to enforce a forfeiture, to prove that the notice of 3 months given by him was reasonable.

4. **Courts ⬅︎372(1)—Federal courts not bound by state decision granting equitable relief.**

The decision of the state court that equity would enforce the forfeiture of an oil and gas lease for failure to develop after reasonable notice is one affecting the right to relief in equity, which is not binding on the federal court, especially where the decision was a dictum, and a statute had since been enacted establishing the contrary rule.

In Equity. Separate suits by J. I. Lyon and others, by W. M. Lyon and others, by J. M. Skaggs and others, by J. F. Lyon and others, by C. R. Lyon and others, by C. F. Sparks and others, by O. B. Kazee

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and others, by L. T. Sparks and others, and by H. F. Williams and others, all against the Union Gas & Oil Company and others, for the cancellation of oil and gas leases. Decrees rendered for defendants.

Cain & Thompson, of Louisa, Ky., and S. S. Willis, of Ashland, Ky., for plaintiffs.

Holt, Duncan & Holt, of Huntington, W. Va., and Clyde L. Miller, of Louisa, Ky., for defendants.

COCHRAN, District Judge. This is the case of J. F. Lyon and others against the Union Gas & Oil Company and others, No. 603, and the opinion which I give in this case applies in eight, others.

[1] This is a suit in equity, which seeks to have this court forfeit an oil and gas lease. There is some claim that the lease is invalid on account of want of consideration and mutuality; but I have heretofore considered those questions, and there is no doubt in my mind about the validity of the lease. Any one who thinks of an oil and gas lease as an option is in great danger of being wrong. None of these oil and gas leases are options, and never should be spoken of as options. They are leases, just what they are called. They convey a present right, to wit, a right to search and explore for oil and gas. That right is not inchoate, is not in the future; it exists from the time of the execution and delivery of the lease. Of course, as to the oil and gas itself, the title is inchoate. No title to the oil and gas vests until it is discovered, but, so far as the right to search and explore for oil and gas, there a present right vests on the execution and delivery of the lease. I have had occasion heretofore to pass upon that question, namely, in the case of Lindley et al. v. Raydure et al., so there is no question in my mind as to the validity of the lease.

[2] There is some intimation in the brief for the plaintiffs that the lease was forfeited according to its terms. It is what is called an "unless" lease. It has a provision that, if a well is not drilled within 12 months, the lease shall be null and void unless 10 cents an acre thereafter is paid annually. This lease was made in January, 1916—on the 27th day of January, 1916. The rents were not paid in advance; that is, for the year 1917, or for the year 1918, or for the year 1919. The rent for the year 1917 was paid towards the end of the year, on or about the 1st of January, 1918, and likewise the rent for the year 1918 was not paid in advance, but paid later in the year, along towards the end of the year. Some intimation has been made that these rentals were payable in advance, and, as they were not paid in advance, the lease became forfeited according to its terms. Of course, if the rentals were payable in advance, as they were not paid in advance, the lease would be forfeited according to its terms. The question, then, is whether, according to the true construction of these leases, these rentals for delayed development were payable in advance. The language of the clause is that, in case a well is not drilled within 12 months, it shall be null and void unless thereafter a rental of 10 cents an acre is paid annually. The question here is whether or not under that lease that rental is payable in advance. The clause does not say that. It says "unless thereafter"—that is, after the expiration of the year, the

first year, when drilling is to be done—unless this payment is made. It does not say that it is to be paid in advance; it says "thereafter." Now, that necessarily in my mind excludes the idea that it shall be payable in advance. It says after the expiration of the first 12 months, and if it is after the expiration of the first 12 months, it is to be paid at any time during the year, because there is no other time specified.

Counsel for plaintiff cites an Arkansas decision that sustains their contention that in a lease of that sort the rental is payable in advance, and that decision is based on an Indiana decision to the same effect; but in that decision reference is made to the decisions of three other Supreme Courts that the rental is not payable in advance—the Supreme Court of Kansas, the Supreme Court of Connecticut, and some other court; and it seems to me that is the proper view of the matter, though, if I had a lease of that sort, I would always pay it in advance. I would not take any chance on what courts are going to decide. I would pay in advance. My best judgment is that, under a proper construction of the lease, it is not payable in advance. But, however that may be, the parties have construed it that it was not payable in advance, because the rentals were not paid in advance, but were paid and accepted at the end of the second and of the third years.

And then still further this suit does not seek to have the lease canceled because forfeited according to its terms; that is not the ground upon which relief is sought. Plaintiffs seek to have this court interpose and forfeit this lease, because they claim that equity requires that the lease should be forfeited. On this ground, on October 4, 1919, the plaintiff lessors gave a notice that they would not accept any other rentals and called for development, and they waited about 3 months, and then brought this suit on the 10th day of January, 1920, before the expiration of the year, to have the lease canceled, because the lessee did not comply with that notice and develop the property within the time mentioned, from the 4th day of October to the 10th day of January, 1920, when the suit was brought; and they seek to avail themselves of the decision of the Kentucky Court of Appeals in the case of Monarch Oil, etc., Co. v. Richardson et al., 124 Ky. 602, 99 S. W. 668, in which that court held that in leases of this character development can be hastened by a notice given by lessor to lessee requiring development, and then going, if he has not developed, to a court of equity and having the lease declared forfeited by it. In that case they held that a year's notice ought to be given, and in later decisions they have said that a reasonable time should be allowed to elapse and reasonable notice should be given, intimating that perhaps a year might not be required in every case.

[3, 4] It seems to me that, if that doctrine is to prevail, it is decidedly questionable whether the notice given here was a reasonable one, only 3 months, and the lease contemplated an annual payment. It may be that, if that doctrine applies, there ought to be a year's notice. At any rate, the burden was on the plaintiff to show that that was a reasonable time, and it is extremely doubtful, to say the least of it, whether or not they made out that a reasonable time had elapsed. However that may be, I do not think that I am controlled by the decision of the

Kentucky Court of Appeals in the Monarch Case. The Kentucky Court of Appeals has never actually applied that doctrine to a single solitary case. Never has a lease been forfeited by that court upon a notice requiring development. The statement of the Court of Appeals that a forfeiture can be brought about in this way is pure dictum. As stated, never yet has a case been decided by them where a lease has been declared forfeited upon a notice.

Furthermore, I do not think that dictum is sound. According to the very terms of the lease, delay in development is authorized on the payment of the rental. For a court to forfeit a lease on failure to develop on notice is to change the contract of the parties. If the Legislature were to pass a law saying or providing that in a lease of this character development might be hastened by giving notice, it would be in violation of the constitutional provision that inhibits the Legislature passing a law impairing the obligation of a contract. Then, in March, 1920, the Legislature passed an act overthrowing that doctrine, saying that no lease could be forfeited in that way. So it is no longer a doctrine in Kentucky that a lease can be forfeited in that way. But I do not think that, if that statute had never been passed, I would be bound to follow that dictum of the Court of Appeals. All that is involved is a question of equitable relief. The Supreme Court of Illinois had held that it was not equitable to enforce a lease if it had a surrender clause in it, and yet the Supreme Court of the United States, in the case of Guffey v. Smith, 237 U. S. 101, 35 Sup. Ct. 526, 59 L. Ed. 856, decided that the federal court was not bound by that decision—that the federal court would enforce a lease containing a surrender clause —on the ground that it was a matter of relief in equity, and in a matter of that sort federal courts are not bound by the state courts.

Then, in addition to that, this statute has repudiated this doctrine as far as Kentucky is concerned. As there has been no forfeiture of this lease according to its terms, as the lessees, the defendants in this action, have paid their rental according to the terms of this lease as interpreted at least by the parties, I do not think that it presents a case for an equitable forfeiture; i. e., for this court holding that this lease should be forfeited, and therefore the court will dismiss the bill.

This is my conclusion, and a decree will be entered accordingly.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes